UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3021 |
| | § | |
| NATIONWIDE PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint Under Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion") (Doc. No. 22). After considering the Motion, all responses thereto, and the applicable law, the Court finds that the Motion should be granted in part. Plaintiff's claims of fraud and violations of Texas Insurance Code §§ 541.060(a)(4), 542.055, and 542.056 should be dismissed.

**I.    BACKGROUND**

Plaintiff John Stewart filed this case in state court, alleging that Defendant Nationwide Property and Casualty Insurance Company mishandled Plaintiff's claim for Hurricane Ike damages under his insurance policy. Defendant removed this case to this Court on August 23, 2010. Defendant filed its first Motion for Partial Dismissal on August 30, 2010 (Doc. No. 4). The Court denied the motion to dismiss without prejudice on December 21, 2010 and granted leave for Plaintiff to amend his pleading (Doc. No. 18). Plaintiff filed a First Amended Complaint ("Complaint") (Doc. No. 19), from which the following allegations, accepted as true for purposes of the pending motion to dismiss, are taken.

1

Plaintiff is the owner of a Texas Homeowners' Insurance Policy ("Policy") issued by Defendant Nationwide to cover his property in Crosby, Texas. On September 12–13, 2008, Hurricane Ike struck Harris County, Texas. As a result of the storm, Plaintiff's roof and fence sustained extensive damage; a tree limb fell on part of the roof, and the strong winds carried away many of the shingles. Water entered through the roof and caused damage throughout the home, including the ceilings, walls, insulation, flooring, and Plaintiff's personal belongings. Plaintiff immediately submitted a claim to Nationwide pursuant to the Policy for Additional Living Expense (ALE), Contents Damage, Roof Damage, Water Damage, and Wind Damage.

Defendant assigned Plaintiff an individual adjuster, Mr. Bill Wheeler, who did not perform a thorough investigation of the damages Plaintiff reported to Defendant. Mr. Wheeler did not inspect the attic area under the damaged roof for signs of water intrusion and did not thoroughly investigate Plaintiff's potential roof damage over the main part of the dwelling, despite Plaintiff's report of damage on the entire roof. The inspection report that Mr. Wheeler prepared, dated October 21, 2008, includes payment only for the lower portion of Plaintiff's roof and interior coverage in two areas of the home, and also does not include ALE incurred by Plaintiff. The damages included in Mr. Wheeler's estimate are also severely underestimated. The estimate for roof damage does not cover the full cost of repairs to Plaintiff's roof, which was less than one year old at the time of the storm. In other areas of the house, the estimates do not allow for full sheetrock replacement, leaving Plaintiff's house susceptible to mold or fungus.

Defendant is responsible for the training and guidance of Mr. Wheeler and for the review of Mr. Wheeler's estimate. Defendant is also aware of Plaintiff's reported potential damages, but has allowed Mr. Wheeler's inadequate investigation to form the sole determinant of the appropriate payment of Plaintiff's claim. To date, Defendant has not paid Plaintiff fully for the

damages to his home, nor given a reasonable explanation for its non-payment of particular damage claims.

Plaintiff brings claims against Defendant for: (1) breach of contract; (2) breach of the common law duty of good faith and fair dealing; (3) violations of Chapter 541 of the Texas Insurance Code for unfair settlement practices; (4) violations of Chapter 542 of the Texas Insurance Code for the prompt payment of claims; and (5) fraud. Defendant has filed a motion for partial dismissal of all claims except the breach of contract claim. The motion is briefed and ripe for disposition.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, the requirements of Rule 8 have been interpreted to require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010).

However, the Federal Rules also require a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "What constitutes 'particularity' will

4

necessarily differ with the facts of each case," but "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations and citations omitted).

The Fifth Circuit has held that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Courts have found that "[c]laims alleging violations under the Texas Insurance Code that are substantively identical to fraud are subject to the Rule 9(b) pleading requirements." *Carter v. Nationwide Property and Cas. Ins. Co.*, Civil Action No. H-11-561, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 789, 800 (N.D. Tex. 2009)) (internal quotations omitted). Defendant asserts that it is "well-recognized" in federal courts throughout Texas that all claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b).'" (Mot. at 7 (citing *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998)).) However, *Frith* applied the standards under Rule 9(b) only to those violations of the Texas Insurance Code where "the gravamen of the claim is fraud." *Frith*, 9 F. Supp. 2d at 742.

Defendant also asserts that the heightened pleading standard of Rule 9(b) applies to all claims "[b]ecause Plaintiffs' Complaint still alleges fraud and conspiracy to commit fraud (with a fact pattern that applies to all of Plaintiffs' claims)." (Reply at 4.) The Court agrees that any averments of fraud must be pled with particularity. However, the Fifth Circuit has instructed that "[w]here averments of fraud are made in a claim in which fraud is not an element, an inadequate

5

averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." *Lone Star Ladies*, 238 F.3d at 368. Thus, even if a plaintiff buttresses a statutory claim with allegations of fraud that are insufficient to meet Rule 9(b), the claim will not be dismissed so long as there are other non-fraud based allegations that are sufficient to state a claim for relief under the section.

### III. ANALYSIS

The Court must first determine whether each claim must be pled with particularity under Rule 9(b). Therefore, the Court must decide whether, in the context of this case, Plaintiff's claims under the Texas Insurance Code and for the breach of the duty of good faith and fair dealing are, in substance, claims of fraud. Once the Court has determined whether the standards under Rule 9(b) or Rule 8 apply, it will consider whether the underlying factual allegations for each claim are sufficient under the relevant pleading standard to state a claim for relief.

#### A. Fraud

Plaintiff alleges that Defendant committed fraud through various misrepresentations about coverage under the Policy. Under Texas law, the elements of fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

The misrepresentations identified by Plaintiff are insufficient to state a claim for fraud. The Complaint and Plaintiff's Response to the Motion to Dismiss identify misrepresentations made by Mr. Wheeler about the damages to Plaintiff's home. Plaintiff also identifies misrepresentations in a letter sent with the estimate, in which Defendant stated that the estimate "represents the amount to restore your damaged property to its pre-loss condition" and "was prepared using reasonable and customary prices for your geographic area." (Compl. ¶ 30.) Plaintiff notes that he "relied" on these misrepresentations "by not repairing the damages for lack of funds, and/or making temporary repairs using his own limited out-of-pocket funds." (*Id.* ¶ 33.) However, this does not constitute legal reliance, as it only shows that Plaintiff suffered damages. Plaintiff did not take these actions in reliance on the statement; rather, Plaintiff has maintained that this statement was false and he knew that the estimate was undervalued because of his assessment of damages and report to the Defendant. *See Mason v. Texas Farmers Ins. Co.*, Civil Action No. H-09-3134, 2011 WL 3702376, at *5 (S.D. Tex. Aug. 23, 2011) (finding that the plaintiffs failed to show reliance where they disputed the accuracy of the insurance company's estimate); *see also Mayes v. Stewart,* 11 S.W.3d 440 (Tex. App.—Houston [14 Dist.] 2000, pet. denied) ("If the person to whom a false representation is made is aware of the truth, it is obvious that he is neither deceived nor defrauded, and, therefore, any loss he may sustain is not traceable to the representation but is self-inflicted." (quoting *Bynum v. Signal Ins. Co.*, 522 S.W.2d 696, 700 (Tex. App.—Dallas 1975, writ ref'd n.r.e.))).

Additionally, Plaintiff asserts that Defendant misrepresented in the Policy that covered damages would be insured against loss. However, Plaintiff fails to provide any facts to show that Defendant made the representations knowing that they were false or recklessly without knowledge of the truth at the time of the Policy. The allegation that "each of the acts . . . was

7

done 'knowingly,' as that term is used in the Texas Insurance Code," is insufficient. (Compl. ¶ 42.) *See Iqbal*, 129 S. Ct. at 1950 (legal conclusions are not entitled to the same presumption of truth as well-pleaded facts). Therefore, the Court is convinced that Plaintiff's claims of fraud should be dismissed.

### B. Breach of the Duty of Good Faith and Fair Dealing

Plaintiff also alleges that Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. "To state a claim for 'breach of the duty of good faith and fair dealing, the plaintiff must allege that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.'" *Frith*, 9 F. Supp. 2d at 740 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 262 (5th Cir. 1995)) (internal quotations omitted). "An objective standard is utilized to determine whether a reasonable insurer under similar circumstances would have delayed or denied payment of the claim." *Aleman v. Zenith*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (citing *Aranda v. Insurance Company of North America*, 748 S.W.2d 210, 213 (Tex. 1988)). A plaintiff need not prove that the defendant *fraudulently* denied or failed to sufficiently investigate the claim.

Plaintiff asserts that Mr. Wheeler and Defendant did not act reasonably because they "did not inspect and evaluate Plaintiff's home as if it were either of their own homes." (Compl. ¶ 40). The Complaint alleges that the investigation and evaluation were unreasonable, as Defendant knew or should have known that its liability was reasonably clear based on the inspection and Plaintiff's reported damages. (*Id.* ¶ 41.) Therefore, the claim does not depend on Defendant's misrepresentations or allegations of fraud, and need only meet the pleading standards under Rule

8. The Court finds that, on the basis of the facts alleged in the Complaint, Plaintiff has stated a claim for the breach of good faith and fair dealing.

### C. Texas Insurance Code Claims

Plaintiff alleges that Defendant's misrepresentations of material facts about the coverage at issue constituted an unfair and deceptive act or practice in the business of insurance under Texas Insurance Code § 541.060(a)(1). Plaintiff alleges that Defendant's procedures resulted in an inadequate investigation and allowed adjusters to submit reports while omitting covered items, as Mr. Wheeler did when he omitted ALE and undervalued damages to some areas of the home in his report. This allegation involving misrepresentations is substantively a claim of fraud, and this claim is based on the same misrepresentations as Plaintiff's fraud claim. Therefore, Plaintiff must meet the pleading standard of Rule 9(b).

The Court believes Plaintiff has satisfied this standard, by providing "allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Electronics*, 343 F.3d at 724. Plaintiff alleges that the misrepresentations are contained in the October 21, 2008 report prepared by Mr. Wheeler, which then became the sole basis for the insurance payment decision. The letter accompanying the report stated that the estimate represented the amount to restore the damaged property to its pre-loss condition, but only included a portion of Plaintiff's reported actual damages. Specifically, Plaintiff alleged that the report was incorrect as it only represented two areas of the interior of the house, partial payment for the damage to the roof, and partial payment for the damage to the sheetrock. Defendant benefited by paying Plaintiff less for his insurance claim as a result of the misrepresentations. The Court is

9

convinced that Plaintiff has met the heightened pleading standard of Rule 9(b) and that this claim should not be dismissed.

The Court finds that Plaintiff's additional claims under Section 541 are not equivalent to claims of fraud, and therefore need only meet the pleading standard under Rule 8. Plaintiff's claim for relief under § 541.060(2)(A) alleges that Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability was reasonably clear. As with the common law duty of good faith and fair dealing, liability under the statute does not require any fraudulent conduct on the part of defendant. *See Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 56 n. 5 (Tex.1997) ("[A]n insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim.")*; see also Progressive Cnty. Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex.2005) (holding that the "common-law bad-faith standard is the same as the statutory standard" in the Texas Insurance Code). For the reasons expressed in Part III.B, *supra*, the Court is convinced that these claims are subject to the pleading standard in Rule 8, and that the facts alleged are sufficient to meet that standard.

Plaintiff also brings a claim under § 541.060(a)(3), alleging that Defendant failed to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy for its offer of a compromise settlement of the claim. To recover under this section, Plaintiff need only prove that he was not provided with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the denial of their insurance claim. No false or misleading statements are necessary to make out a successful claim for relief; rather, the section creates liability for *any* inadequate explanation of an insurance claim denial, regardless of its truth or falsity. Plaintiff claims that Defendant still has not paid Plaintiff in full for the damages to his

10

home and has not provided a reasonable explanation for why Plaintiff did not receive payment for his reported damages. Thus, Plaintiff's claim under § 541.060(a)(3) is not subject to the heightened pleading standard of Rule 9(b). The facts contained in the Complaint are sufficient to state a claim under the pleading standards of Rule 8.

Similarly, Plaintiff's claim for relief under § 541.060(a)(7), alleging refusal to pay an insurance claim without conducting a reasonable investigation, need not be pled with particularity. The claim for relief requires a plaintiff to prove only that a defendant's efforts to investigate the insurance claim were unreasonable under the circumstances. Plaintiff has alleged sufficient facts under Rule 8 to show that the investigation was unreasonable, as Defendant improperly trained Mr. Wheeler and approved his investigation and estimate that omitted and undervalued covered, reported damages.

Plaintiff also asserts that Defendant failed to affirm or deny coverage of the claim to Plaintiff or submit a reservation of rights to Plaintiff under Texas Insurance Code § 541.060(a)(4). This section simply requires an inquiry into the reasonableness of the timeframe in which the defendant responded to an insurance claim by affirming or denying coverage. This claim does not require fraud or misleading statements, as any failure to affirm or deny coverage or failure to submit a reservation of rights creates liability for Defendants, and therefore is not subject to the heightened pleading standards of Rule 9(b). However, Plaintiff has failed to state a claim under Rule 8. While Plaintiff asserts that Defendant did not affirm or deny coverage of the claim to Plaintiff within a reasonable time, Plaintiff does not provide sufficient facts beyond this legal conclusion. The Complaint states that Hurricane Ike struck Houston on September 12–13, 2008 and that Plaintiff reported damages immediately. Defendant assigned Mr. Wheeler as an adjuster, who performed an inspection and finished his report on October 21, 2008. Plaintiff

11

does not allege that this timeframe was unreasonable, or assert that the October 21, 2008 report and estimate was not sufficient to satisfy § 541.060(a)(4). The Court agrees that this claim should be dismissed.

Two of Plaintiff's claims for prompt payment under Section 542 of the Texas Insurance Code fail for similar reasons. Plaintiff alleges that Defendant failed to request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under § 542.055. Likewise, Plaintiff's claim under § 542.056 alleges that Defendant failed to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints. As both of these claims relate to Defendant's diligence and promptness in collecting information and responding to Plaintiff's claim, they do not require fraudulent conduct. However, Plaintiff does not provide the Court with facts sufficient to state a claim under Rule 8. Plaintiff does not identify the "applicable time constraints,"[1] the information Defendant should have requested under § 542.055, any information Plaintiff provided to Defendant, or when Plaintiff submitted the necessary information. As stated above, Plaintiff does not provide facts about the information contained in the October 21, 2008 report or assert that it was not a sufficient partial acceptance and rejection of Plaintiff's claim under § 542.056.

Finally, Plaintiff alleges that Defendant delayed payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required beyond the allowable time frame under § 542.058. Section 542.058 requires only that the insurer wrongfully deny coverage, and therefore does not require any fraudulent behavior. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 964 (E.D. Tex. 2011); *United Services Auto.*

---

[1] For example, Plaintiff asserts that Defendant did not "notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints" as required under § 542.056. (Am. Compl. at 7.) However, § 542.056 provides three different relevant timelines for an insurer to respond after receiving all information necessary to secure final proof of loss—15 days, 30 days (if suspected arson), or 45 days (if the insurer notifies the claimant of the reasons for needing additional time). Plaintiff has failed to identify which time constraint applies.

*Ass'n v. Croft*, 175 S.W.3d 457, 474 (Tex. App.—Dallas 2005, no pet.) Plaintiff has alleged that Defendant still has failed to pay the full amount of his claim following receipt of all information reasonably requested and required, which would clearly place Defendant outside of any relevant time period in § 542.058. Plaintiff has stated a claim under the pleading standards of Rule 8.

## IV. CONCLUSION

For the reasons stated in this order, Defendant's Motion is **GRANTED IN PART**. Plaintiff's claims of fraud and violations of Texas Insurance Code §§ 541.060(a)(4), 542.055, and 542.056 are **DISMISSED WITH PREJUDICE.** Defendant's Motion is otherwise **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 28th day of September, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE